649 A.2d 151

**Elayne HOGE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SUTTON PRINTING CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 1994.

Decided Oct. 7, 1994.

Petition for Allowance of Appeal
Denied Feb. 13, 1995.

Lisa J. Buday, for petitioner.

Roy F. Walters, Jr., for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Elayne C. Hoge (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed in part[1] a referee's decision that granted a termination petition on behalf of Sutton Printing Co. (Employer) and terminated Claimant's benefits effective December 10, 1990. We reverse and reinstate Claimant's benefits.

On June 2, 1989, Claimant fell down a flight of stairs and sustained a work-related injury to her back and left hip. On June 10, 1989, Claimant began receiving $199.40 in weekly benefits pursuant to a notice of compensation payable. On December 17, 1990, Employer filed a termination petition alleging that as of December 10, 1990, all of Claimant's work-related disability had ceased and that she was capable of returning to work without limitation.[2] Employer also request-ed a supersedeas which the referee denied. Claimant filed an answer denying Employer's allegations.

A referee's hearing was held at which both parties present-ed evidence. Claimant presented the deposition testimony of L. Jack Stemple, M.D. (Dr. Stemple), her treating orthopedic surgeon, and Thomas E. Andrews PhD. (Dr. Andrews) a psychologist who examined her. Dr. Stemple diagnosed Claimant's condition as a herniated disc at the L–4/5 level and

1. The Board did rule in favor of Claimant with regard to approval of Claimant's counsel fees. That issue is not before us in this appeal.

2. Employer also filed a suspension petition alleging that Claimant refused to submit to a psychological examination. The referee subse-quently dismissed this petition on the ground that Claimant did submit to a psychiatric examination by Employer's physician.

opined that Claimant was disabled from work regardless of any psychological problems she might have. Dr. Andrews diagnosed Claimant as suffering from an adjustment disorder with mixed mood and anxiety depression which resulted from her work injury.

In support of its termination petition Employer presented the deposition testimony of David Spence, M.D. (Dr. Spence), a psychiatrist, and William J. Mitchell, M.D. (Dr. Mitchell) an orthopedic surgeon. Dr. Mitchell testified that he examined Claimant and concluded that her lumbosacral sprain had healed and that Claimant had no objective signs of physical impairment. Dr. Mitchell opined that Claimant was capable of returning to work without any restrictions.

Dr. Spence performed a psychiatric examination of Claimant on May 10, 1992. Dr. Spence testified that Claimant did suffer from a psychological maladjustment disorder in the nature of "hysteria" which causes Claimant to convert her feelings of frustration, disappointment and resentment into physical manifestations with her work-injury as a focus point. However, Dr. Spence opined that Claimant's condition was not a result of her work injury.

In light of the evidence presented the referee made the following credibility findings:

11. Based upon a review of all the evidence, it is found as a matter of fact that the testimony of Dr. Mitchell and Dr. Spence is more credible and persuasive than that of claimant's medical experts, Dr. Stemple and Dr. Andrews.

12. Based upon Dr. Mitchell's testimony, claimant's work-related disability ceased and terminated as of December 10, 1990, when the claimant was capable of returning to her time-of-injury job without limitation or restriction.

13. Claimant's psychological problems are not the result of her work-related injury.

14. As of December 10, 1990, the claimant has recovered from her injury; therefore, any further physical therapy,

psychological treatment, or other medical treatment is not the responsibility of the defendant.

Referee's Decision, May 11, 1993 at 10.

Based on these findings the referee concluded that Employer met its burden of proof in establishing that all of Claimant's disabilities had ceased and granted Employer's petition terminating Claimant's benefits as of December 10, 1990. The Board affirmed and Claimant appeals here.

■ Before this Court Claimant contends that the referee erred in finding that all of Claimant's disability had ceased where Claimant continued to complain of arm and shoulder problems which were not addressed by Employer's doctors and that the referee erred in finding that Claimant's psychiatric disability was not work-related. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Loose v. Workmen's Compensation Appeal Board,* 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1993).

■ Based on our decision in *County of Dauphin v. Workmen's Compensation Appeal Board (Davis),* 136 Pa.Commonwealth Ct. 140, 582 A.2d 434 (1990), *petition for allowance of appeal denied,* 528 Pa. 614, 596 A.2d 160 (1991), our review of Employer's evidence in the present case leads us to the conclusion that the referee erred in terminating Claimants benefits. In *County of Dauphin* we held that an employer seeking termination of benefits had not met its burden of proving that all of the claimant's disability had ceased where the employer's medical expert conceded that the claimant remained disabled as a result of an emotional or mental abnormality or conflict which overlays or obscures the true organic injury. *Id.* at 144–45, 582 A.2d at 436–37. This condition is known as a "functional overlay." *Id.* Although the claimant in *County of Dauphin* was no longer actually physically disabled, her residual "psychogenic" disability, which caused her to continue to suffer from pain, remained compensable. *Id.*

Such is also the case here. Employer's witness, Dr. Spence, testified:

Q [Claimant's counsel]: Is it accurate to say that the manifestations of what you've described as a conversion reaction appeared after her fall at work but not before? You didn't pick up any signs of this conversion reaction before her fall, did you?

A [Dr. Spence]: Not to my knowledge, no.

Q: And is it also correct to say that the manifestations of the conversion reaction appeared fairly soon after that fall, certainly within one year?

A: I would think so. But let me just explain that's not atypical. *Usually there is a fairly—a relatively minor physical injury that is real, and it's usually soft tissue injury and then it becomes extended. It becomes extended in terms of intensity of incapacitation and extended in terms of duration from what is expected for the particular injury that was sustained. When you get into that extension, you are usually into a psychological extension of disability for a purpose. And that's what I'm talking about here.*

Q: Then the injury is a precipitating event of sorts, isn't it?

A: Well, it's precipitating only in the sense that it becomes the focus point for the person to opportunistically take advantage of it and utilize it in order to handle some psychological problems.

Q: But not in a deliberate, overt way?

A: No.

Q: It works through the back, doesn't it, through the back of the mind, subconsciously?

A: Yes. Right. No, *I never did say that this lady was doing this in any overt premeditated way. She's suffering.* (Emphasis added.)

Dr. Spence's Deposition, August 3, 1992, at 44–46, Reproduced Record (R.R.) at 249a–251a.

As reflected by his testimony, Dr. Spence clearly admits that "but for" Claimant's work injury she would not be

disabled and that her physical injury precipitated a psychiatric extension of her disability which continues to cause Claimant to suffer pain from her injury. Dr. Spence further noted that Claimant's symptomatology is controlled by her subconscious and is not in any way premeditated or overt. In accordance with our rationale in *County of Dauphin*, we conclude that Claimant's continued pain is due to a functional overlay. As a result, the referee erred in determining that Employer established[3] that Claimant's psychiatric condition, which causes her to continue to suffer pain, was not related to her work injury. Accordingly, we hold that the evidence of record, as accepted by the referee, does not support a finding that Claimant has fully recovered from her work injury and that the referee erred in terminating Claimant's benefits.

The order of the Board is reversed and Claimant's benefits are reinstated effective December 10, 1990.

## ORDER

AND NOW, this 7th day of October, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and Claimant's benefits are reinstated effective December 10, 1990.

---

**3.** Although Employer did establish that Claimant had a pre-existing mental illness, Employer did not prove that this was an independent cause of Claimant's disability. *See Gumro v. Workmen's Compensation Appeal Board (Emerald Mines Corp.)*, 533 Pa. 461, 466–67, 626 A.2d 94, 97 (1993). On a termination petition an employer has the burden of proving a lack of causal connection and the burden never shifts to the claimant to prove the existence of a causal connection between a disability and the original injury. *Central Pennsylvania Community Action, Inc. v. Workmen's Compensation Appeal Board (Probeck)*, 103 Pa.Commonwealth Ct. 278, 287, 520 A.2d 112, 116 (1987).