649 A.2d 166

**Irvin RUTHERFORD, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PHILADELPHIA ELECTRIC CO.),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 9, 1994.

Decided Oct. 11, 1994.

Joyce J. Sweinberg, for petitioner.

Jenny P. Shulbank, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Irvin Rutherford (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the referee's grant of Claimant's petition for reinstatement for partial disability for a closed period and denied Claimant's request for attorney's fees. We affirm.

Claimant worked for Philadelphia Electric Co. (PECO) as a chauffeur/groundsman for approximately thirty-one years. This job required operating heavy equipment and lifting up to 100 pounds. On August 29, 1990, Claimant sustained a work-related injury which resulted in his hospitalization and surgery.

Before Claimant's injury, PECO began offering its eligible employees a Special Retirement and Service Completion Plan (Plan). The Plan included such enhancements as a bonus payment of nine months' wages, credit for five years additional time with PECO and credit for five additional years on age. A material provision of the Plan was acceptance by September 15, 1990, when the Plan would be withdrawn. On September 4, 1990, Claimant decided to take retirement under the Plan, completely withdrawing from PECO's employ. In accordance with the provisions of the Plan, PECO would choose Claimant's retirement date based upon operational needs to be no later than December 1, 1992. PECO scheduled Claimant's actual date of retirement for December 28, 1990. Claimant did return to work following his injury on September 27, 1990, in a light-duty position made available to him by PECO until his retirement.

On May 7, 1991, Claimant filed a petition for penalty and reinstatement, asserting that PECO had unilaterally suspended his workmen's compensation benefits on September 27, 1990, the day he returned to his light-duty job for PECO. Claimant also petitioned for penalties. On May 30, 1991, eight months after Claimant had returned to modified work, PECO filed a petition for modification and/or suspension of Claim-

ant's benefits, alleging that on September 27, 1990, Claimant returned to work with no loss of earning capacity [1] and that Claimant had voluntarily retired from the work force. These petitions were consolidated before the referee. Following several hearings, the referee concluded that: 1) PECO committed a technical violation of The Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031, by unilaterally ceasing compensation payments on September 27, 1990, without first securing a supplemental agreement or filing a timely suspension petition; 2) Claimant was entitled to reinstatement of compensation for partial disability as of September 27, 1990; 3) PECO's contest of all petitions was reasonable; and 4) Claimant was not entitled to reinstatement to total disability as of December 31, 1990, because Claimant voluntarily left a light-duty job made available to him by PECO.

PECO and Claimant filed cross-appeals; however, the WCAB affirmed the referee in all respects. Claimant now appeals to this Court. [2]

Claimant first argues that substantial evidence does not support the referee's findings that Claimant voluntarily chose to remove himself permanently from PECO's work force. Claimant premises this argument on the facts that: 1) PECO offered him the light-duty position after he accepted early retirement; 2) there was no evidence presented that the light-duty position would continue after the prescribed retirement date; and 3) he did not choose to *retire* from the light-duty position which he could perform, but from his original heavy-duty position. Pertinent to this argument, the referee made the following findings of fact:

> 7. On September 4, 1990, the claimant knowingly and voluntarily elected to retire pursuant to a special retirement offer made by [PECO]. In electing to retire the claimant

1. This allegation was found to be incorrect as Claimant did not receive full salary for this modified work.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

specifically agreed 'I wish to take advantage of the benefit improvements available under the Special Retirement and Service Completion Plan and, accordingly, will permit my retirement date to be scheduled based upon operational needs, but no later than 12/01/92.'

8. The claimant's decision to retire from his employment with [PECO] was based upon a number of factors including: the compensation package offered, his fears of performing his regular job in light of his injury, his concerns about changes being made in the company, his concerns about what jobs he would actually be assigned in the future, and his fear of re-injury.

9. The claimant's employment continued with [PECO] in the light duty job through December 31, 1990, whereupon the retirement became effective. Thereafter, the claimant accepted retirement benefits at the monthly rate of $1,356.76 along with a bonus pay representing 9 months of wages.

While Claimant asserts that his sole reason for retiring was the work injury, the referee found other factors also persuaded Claimant to take early retirement. (Finding of Fact 8.) Because substantial evidence [3] exists to support the finding that Claimant voluntarily left PECO's work forever, in the form of Claimant's testimony, (80a), this argument fails.

Next, Claimant asserts that the referee abused his discretion in failing to assess attorney's fees against PECO. We do not agree.

The referee did impose a ten percent penalty on PECO for its technical violation of the Act for failing to file a timely suspension petition upon Claimant's return to work. However, the referee also found that PECO had reasonably contested Claimant's petition because the law under the Workmen's Compensation Act with respect to the impact of retirement has been unclear and changing since *Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa. Common-

---

**3.** Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa. Commonwealth Ct. 542, 453 A.2d 710 (1982).

wealth Ct. 218, 569 A.2d 1038 (1990). Because the reasonableness of a contest is a legal conclusion based upon the facts as found by the referee, *Ball v. Workmen's Compensation Appeal Board*, 19 Pa. Commonwealth Ct. 157, 340 A.2d 610 (1975), we may review this argument. While Section 435 of the Act, 77 P.S. § 991, authorizes imposition of penalties for violations of the Act and for unreasonable or excessive delays, it is Section 440 of the Act, 77 P.S. § 996, which authorizes the award of attorney's fees for engaging in *unreasonable contest.* The decision whether to assess attorney's fees against a party for engaging in an *unreasonable* contest is entirely within the judge's discretion. The referee did not find an unreasonable contest and thus, there is no requirement for assessment of attorney's fees.

Accordingly, we affirm.

## ORDER

AND NOW, this 11th day of October, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.