**METROPOLITAN AMBULANCE, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WALKER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 17, 1997.

Decided Nov. 19, 1997.

Kenneth F. Demarco, Philadelphia, for petitioner.

Neil S. Kerzner, Philadelphia, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue in this appeal is whether there is substantial evidence to support the termination of a claimant's benefits under the Workers' Compensation Act (Act),[1] where the employer's medical witness testified that the claimant is physically recovered from his work-related disability but that he may be suffering from a "functional overlay," and where neither the Workers' Compensation Judge (WCJ) nor the Workers' Compensation Appeal Board (Board) specifically addressed the issue of a possible "functional overlay."[2]

Metropolitan Ambulance, Inc. (Employer) appeals the order of the Board, which held that the WCJ erred in terminating the benefits of Allan Walker (Claimant) because "there is no substantial evidence that supports the WCJ's decision." Because this case appears to turn on the issue of whether Claimant suffers from a work-related, disabling "functional overlay," and because neither

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

**2.** Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial competent evidence. *Volterano v. Workmen's Compensation Appeal Board,* 536 Pa. 335, 639 A.2d 453 (1994).

the Board nor the WCJ addressed this issue, we vacate the decision of the Board and remand in accordance with this opinion.

Claimant was injured during the course of his employment on April 30, 1987, and total disability benefits were subsequently paid by Employer. On July 5, 1988, Employer filed a termination petition with the Bureau of Workers' Compensation, requesting that Claimant's benefits be terminated on the grounds that he was fully recovered from his work-related injury as of April 12, 1988.

At the hearing before the WCJ, Employer offered the deposition testimony of Leonard Klinghoffer, M.D., who was found by the WCJ to be credible and who testified as follows:

Q. Doctor, based on the history that you obtained in the examination, the test you reviewed, do you have within a reasonable degree of medical certainty an opinion regarding Mr. Allan Walker?

A. Yes.... My examination does not reveal any *physical abnormality* aside from a curvature of the spine. That condition, the curvature, could very well have made his symptoms after the accident last longer than they would have lasted in someone with[out] a curvature. And on the basis of that curvature I offer the opinion that he might still have some intermittent low back symptoms *but I could not explain significant pain or I could not explain symptoms 'almost all the time'* and I therefore suspect that there was *some degree of superimposed functional overlay that was magnifying his complaints.* (Emphasis added.)

\* \* \* \*

Q. Doctor, you are stating that any abnormal findings that you might have listed in your report are totally unrelated to this work related injury.

A. I think that the *physical findings* are all those of the scoliosis [i.e., a genetic curvature of the spine]. There are no *physical findings* now that I can relate to the accident two years before I saw him. (Emphasis added.)

In granting Employer's termination petition, the WCJ made the following relevant finding of fact:

25. Based on the evidence, particularly Dr. Klinghoffer's testimony, the judge finds that the claimant [has] *no physical findings* related to the claimant's work injury....

For the purposes of this appeal, it is crucial that, while both Dr. Klinghoffer and the WCJ stated that there was no *physical* evidence that Claimant remained disabled, the WCJ did not address Dr. Klinghoffer's opinion that Claimant's reports of "significant pain" or pain "almost all the time" could be the result of a "functional overlay," which is defined below.

Claimant subsequently appealed the WCJ's decision to the Board, which on May 29, 1997 reversed the WCJ and reinstated Claimant's benefits on the generalized grounds "that there is no substantial evidence that supports the WCJ's decision." Also critical to this appeal, the Board did not *directly* address Dr. Klinghoffer's opinion that Claimant may be suffering from a "functional overlay," and in fact never even mentioned this term, although that *could have been* sufficient reason to reverse the WCJ and *could have been* the Board's reason for finding a lack of substantial evidence, but it is not clear from the Board's opinion.

On appeal to this Court, both Claimant and Employer devote significant attention to the question of what Dr. Klinghoffer meant by the term "functional overlay," even though the question was not addressed by the WCJ nor was the term mentioned in the opinion of the Board, although, as noted above, Dr. Klinghoffer's comment that Claimant may have a "functional overlay" *could have been* the reason that the Board found no substantial evidence to support the WCJ's decision.

■ Before addressing the parties' positions on the "functional overlay" issue, it is important to define this term:

The term 'functional overlay' has been defined as an impairment, apparently physical, affecting the use or operation of some bodily part, but without measurable structural or *organic change*, usually produced

by an emotional or mental abnormality or conflict. It may overlay, compound or even obscure symptoms of a co-existing true organic disease. A disability resulting from a work-related physical injury later supplemented by a psychogenic component is referred to as a 'functional overlay' and, *because it is the result of the work-related injury, is fully compensable.* County of Dauphin v. Workmen's Compensation Appeal Board (Davis), 136 Pa. Cmwlth. 140, 582 A.2d 434 (1990), *appeal denied,* 528 Pa. 614, 596 A.2d 160 (1991) (citations omitted) (emphasis added).

■ Employer argues that, when Dr. Klinghoffer used the term "functional overlay," he was attributing it to Claimant's genetic scoliosis, *not* Claimant's 1987 work-related injury. Claimant, by contrast, argues that an employer fails to meet its burden of proving that a claimant's work-related disability has ceased where the claimant's condition can be attributed to a "functional overlay."

■ An employer seeking termination of a claimant's workers' compensation benefits has the burden of proving by substantial evidence that all of the claimant's work-related disability has ceased. *Battiste v. Workmen's Compensation Appeal Board (Fox Chase Cancer Center),* 660 A.2d 253 (Pa. Cmwlth.1995). Where a current disability exists and the employer seeks to terminate benefits, the employer has the burden of proving an independent cause for the disability or a lack of a causal connection between the continuing disability and the work-related injury. *Id.* This burden is considerable because disability is presumed to continue until demonstrated otherwise, and the burden never shifts to the claimant in a termination proceeding to prove the existence of a causal connection between the disability and the injury. *Id.*

In *Davis,* the employer's medical witness at a termination petition hearing opined that the claimant was no longer disabled from her work-related injury because her pain resulted from a "functional overlay" rather than a physical cause. The WCJ found the witness' testimony to be credible and terminated the

claimant's benefits on the grounds that all of her work-related disability had ceased.

The claimant in *Davis* then appealed to the Board, which found that the employer's medical witness' testimony did not prove that the claimant was no longer disabled, because the employer did not prove that the "functional overlay" was unrelated to the claimant's original work injury. The Board then reinstated total disability benefits on the basis that the employer's witness had raised the possibility that the claimant may have a continuing work-related disability and, thus, the employer had not met its burden of proving that the claimant's disability had ceased for the purpose of terminating benefits. This Court affirmed the Board, rejecting the employer's argument that the medical witness' use of the term "functional overlay" was simply his way of stating that the claimant was no longer physically disabled.

This case is factually similar to *Davis* because it is *possible* that the Board reversed the WCJ, on the grounds of insubstantial evidence, because the issue of "functional overlay" was raised by Dr. Klinghoffer but never proven by Employer to be unrelated to Claimant's original work-related injury, as is required. *Battiste.* Employer argues in its brief to this Court that the "functional overlay" of which Dr. Klinghoffer spoke was related to Claimant's scoliosis, not his work-related injury. A review of the relevant testimony of Dr. Klinghoffer, reproduced above, reveals that this assertion is far from clear, and in fact the opposite conclusion appears more likely.

However, it is also not clear that the Board's reversal of the WCJ on the grounds of "no substantial evidence" was due to the unresolved issue of Claimant's "functional overlay," because the Board only made a generalized statement about lack of substantial evidence without ever specifically addressing the "functional overlay." The case is thus remanded to the Board with instructions to explain by what reasoning it arrived at the conclusion that the WCJ's decision was not supported by substantial evidence. Because it is not completely clear from Dr. Klinghoffer's testimony what he meant by "functional overlay," it may also be necessary for

the Board to remand the case to the WCJ for further findings on this issue.

Accordingly, the order of the Board is vacated, and the case is remanded to the Board for further proceedings consistent with this opinion, including, if necessary, a remand to the WCJ for further proceedings.

### ORDER

AND NOW, this 19th day of November, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is vacated and the case is remanded for findings consistent with the foregoing opinion.

Jurisdiction relinquished.