**Elsie L. WRIGHT, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (US AIR, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1998.

Decided Aug. 27, 1998.

Amiel B. Caramanna, Jr., Pittsburgh, for petitioner.

Lori L. Breen, Pittsburgh, for respondent.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Elsie Wright (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision granting the termination petition filed by US Air, Inc. (Employer). We affirm.

Claimant was employed as a laser printer operator, which required her to run a print-

er, load it with paper, and lift forty-seven and one-half pound boxes, eight to nine times a day. On February 9, 1993, Claimant bent over to pick up a box of paper as she customarily did and sustained a lumbosacral strain.

Claimant received benefits pursuant to a notice of compensation payable. The parties entered into several supplemental agreements, resulting in a reinstatement of benefits on June 18, 1993, when Claimant stopped working because Employer's policy limited the number of light duty work hours an employee could work.

On May 3, 1994, Employer filed a termination petition, alleging that Claimant had fully recovered from her work-related injury as of August 16, 1993. Claimant filed an answer denying all of Employer's allegations.

Hearings were held before a WCJ at which Claimant testified on her own behalf and submitted the deposition testimony of Milton J. Klein, D.O., board certified in physical medicine and rehabilitation. Dr. Klein diagnosed Claimant as having posttraumatic low back pain with an L–5 radiculopathy and degeneration in multiple levels of her spine exacerbated by her work injury. On cross-examination, Dr. Klein admitted that Claimant's illnesses were chronic types of findings and were likely to be preexisting.

Employer submitted the deposition testimony of Bruce Wilder, M.D., board certified in neurosurgery, who examined Claimant on August 16, 1993. Dr. Wilder diagnosed Claimant as having low back pain secondary to degenerative disc disease. Dr. Wilder opined that Claimant's work injury was a lumbar strain and that the results of the diagnostic imaging were common in someone of Claimant's age and had occurred over time. Dr. Wilder opined that while Claimant's work-related injury was a lumbar strain she was prevented from returning to work due to her preexisting osteoporosis and degenerative spine disease.

Employer also offered the deposition testimony of Cynthia DiMauro, M.D., board certi-

fied in physical medicine and rehabilitation. Dr. DiMauro examined Claimant and reviewed her medical history on September 20, 1993. Dr. DiMauro found that Claimant had some weakness in her right dorsiflexors, give-way weakness in her right hip, decreased sensation in her legs and deep tendon reflexes. Tests revealed curvature of Claimant's spine (scoliosis) and diffuse peripheral neuropathy. Dr. DiMauro opined that Claimant suffered from mechanical low back pain due to multiple reasons and further testified that the type of work-related strain Claimant sustained would normally resolve in four to six weeks.

The WCJ found Dr. Wilder's and Dr. DiMauro's testimony more credible, reliable, and plausible than Dr. Klein's testimony. The WCJ also found that any current disability that Claimant may have is due to her age and several preexisting health problems and not her work-related injury. Consequently, the WCJ granted Employer's termination petition. Claimant appealed to the Board, which affirmed.

On appeal to this Court,[1] Claimant now argues that the medical testimony of Dr. Wilder and Dr. DiMauro does not constitute substantial medical evidence to support the WCJ's finding that her current disability is due to her preexisting conditions and her age. Claimant points out that both doctors admitted that she was still disabled and that neither could state unequivocally when her work injury resolved or when her disability from degenerative disc disease began.

An employer seeking termination of a claimant's workers' compensation benefits has the burden of proving by substantial medical evidence that all of the claimant's work-related disability has ceased. *Battiste v. Workmen's Compensation Appeal Board (Fox Chase Cancer Center)*, 660 A.2d 253 (Pa.Cmwlth.1995). "Where current disability exists and the employer seeks to terminate benefits, the employer has the burden of

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

**598**

proving independent cause or the lack of a causal connection between the continuing disability and the work-related injury." *Id.* at 256. The WCJ has complete authority over questions of credibility and evidentiary weight and may accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.),* 133 Pa.Cmwlth. 532, 576 A.2d 421 (1990).

 Dr. Wilder opined that Claimant's work-related injury had completely resolved as of August 16, 1993, the date that he had examined Claimant, and Dr. DiMauro stated that the injury should have resolved within four to six weeks after its occurrence. Both doctors opined that Claimant's current disability was attributable solely to her preexisting medical conditions. The questions of precisely when the work injury resolved and the preexisting illnesses began are irrelevant. The doctors' testimony taken together provides substantial medical evidence to support the WCJ's finding of a full recovery from the work-related injury. Therefore, the WCJ properly granted Employer's termination petition.

Lastly, Employer argues that Claimant has filed a frivolous appeal and requests reimbursement of counsel fees. An appeal is wholly frivolous if there is a complete lack of points present that might arguably support an appeal. *Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Co.),* 103 Pa.Cmwlth. 290, 520 A.2d 525 (1987). In *Department of Transportation v. Workmen's Compensation Appeal Board (Tanner),* 654 A.2d 3 (Pa.Cmwlth.1994), the employer argued that the Board's decision was not supported by substantial evidence and in essence asked the court to reweigh the evidence. The *Tanner* court found that substantial evidence did indeed exist and that because it did not have the power to reweigh the evidence no valid issue was raised on appeal. Consequently, the court awarded reasonable counsel fees to the claimant.

Similar to *Tanner,* Claimant here argues that the Board's decision is not supported by substantial evidence and implicitly asks this Court to reweigh that evidence. As in *Tanner,* we decline to do so.

Accordingly, we affirm the Board's order granting Employer's termination petition, and award reasonable counsel fees in accordance with Pa. R.A.P. 2744 to Employer, to be paid by Claimant's counsel.

*ORDER*

NOW, August 27, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed, and liability for reasonable counsel fees is imposed on Claimant's counsel pursuant to Pa.R.A.P. 2744. Employer must file an itemized bill of costs with this Court indicating the attorney's hourly rate and the total hours worked on the appeal in this case within fourteen (14) days of the entry of this order.