### METROPOLITAN AMBULANCE, INC., Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (WALKER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 18, 1998.

Decided Nov. 9, 1998.

9. Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–  286.

**204** ■

Mary T. Uhlig, Philadelphia, for petitioner.

Kathy Kennedy, Philadelphia, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, *Senior Judge.*

The issue before this Court is whether an employer has met his burden of proving that a claimant was no longer disabled from a work-related injury thus, allowing for termination of benefits.

Metropolitan Ambulance, Inc. (Employer) appeals from the order of the Workers' Com-

pensation Appeal Board (WCAB), which followed a remand from this Court's opinion reported at *Metropolitan Ambulance, Inc. v. Workers' Compensation Appeal Board (Walker)*, 702 A.2d 881 (Pa.Cmwlth.1997). We affirm.

In 1987, Allen Walker (Claimant), an ambulance driver for Employer, was injured while in the course and scope of his employment. In 1988, Employer filed a termination petition, asserting that Claimant had fully recovered from his work-related injury. Crediting Employer's medical expert, Dr. Klinghoffer, the Workers' Compensation Judge (WCJ) granted Employer's termination petition. However, on appeal, the WCAB concluded that Dr. Klinghoffer's testimony did not constitute substantial evidence to support the WCJ's decision. On appeal, we carefully reviewed Dr. Klinghoffer's testimony, which discussed his belief that functional overlay magnified Claimant's ongoing complaints. We stated:

> However, it is also not clear that the Board's reversal of the WCJ on the grounds of 'no substantial evidence' was due to the unresolved issue of Claimant's 'functional overlay,' because the Board only made a generalized statement about lack of substantial evidence without ever specifically addressing the 'functional overlay.' The case is thus remanded to the Board with instructions to explain by what reasoning it arrived at the conclusion that the WCJ's decision was not supported by substantial evidence. Because it is not completely clear from Dr. Klinghoffer's testimony what he meant by 'functional overlay,' it might also be necessary for the Board to remand the case to the WCJ for further findings on this issue.

702 A.2d at 883.

Following remand, the WCAB focused on the fact that Dr. Klinghoffer had never testified that Claimant was fully recovered. It held that "[s]ince a functional overlay is compensable, and the [employer] failed to prove that a functional overlay was not related to the work injury ... a termination of the Claimant's benefits was improper as a matter

of law." 1998 WCAB Opinion at 2 (citations omitted).

On further appeal to this Court,[1] Employer argues that the WCAB erred by disturbing the WCJ's findings of fact. Employer asserts that when Dr. Klinghoffer's testimony is considered as a whole, his testimony constitutes substantial, competent evidence to support the termination of Claimant's benefits, despite the fact that Dr. Klinghoffer did not state Claimant had fully recovered. Even though Dr. Klinghoffer discusses functional overlay, Employer claims this discussion does not override his opinion that Claimant could return to work. Employer argues that the WCAB reinterpreted Dr. Klinghoffer's testimony and based its reversal on one phrase used by Dr. Klinghoffer, that of functional overlay.

 Employer cites several cases[2] in which the Supreme Court held that the WCJ, as fact-finder, is responsible for determining whether a claimant's subjective complaints of pain are believable. However, none of the cases cited contain medical testimony that the claimant therein suffered from functional overlay. As we noted in the original opinion, it is the employer who has the burden of proving, through unequivocal evidence, that all of the claimant's work-related disability has ceased. *Battiste v. Workmen's Compensation Appeal Board (Fox Chase Cancer Center)*, 660 A.2d 253 (Pa.Cmwlth.1995). Where a current disability exists, such as a functional overlay, the employer still has the burden of proving an independent cause for the disability or the lack of a causal connection between the continuing disability and the work-related injury. *Victor's Jewelers v. Workmen's Compensation Appeal Board (Bergelson)*, 145 Pa.Cmwlth. 630, 604 A.2d 1127 (Pa.Cmwlth.1992). This burden is considerable because disability is presumed to continue until demonstrated otherwise, and the burden never shifts to the claimant in a termination proceeding to prove the existence of a causal connection between the

disability and the injury. *Id.* Because the WCAB held that the existence of the functional overlay was the basis upon which the WCJ's opinion was not supported by substantial evidence, we hold that because a functional overlay is compensable, *County of Dauphin v. Workers' Compensation Appeal Board (Davis)*, 136 Pa.Cmwlth. 140, 582 A.2d 434 (1990), *appeal denied*, 528 Pa. 614, 596 A.2d 160 (1991), the WCAB correctly held Employer had not met its burden of proving that Claimant's benefits should be terminated.

Accordingly, we affirm.

### ORDER

AND NOW, this 9th day of November, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge LEADBETTER dissents.

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. §704.

2. *Jordan v. Workmen's Compensation Appeal Board (Consolidated Electrical Distributors)*, 550 Pa. 232, 704 A.2d 1063 (1997) and *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 705 A.2d 1290 (1997).