704 A.2d 1063

Joseph JORDAN

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CONSOLIDATED ELECTRICAL DISTRIBUTORS and Aetna Life & Surety).**

**Appeal of CONSOLIDATED ELECTRICAL DISTRIBUTORS and Aetna Life & Surety.**

Supreme Court of Pennsylvania.

Argued March 3, 1997.

Decided Dec. 24, 1997.

Reargument Denied March 9, 1998.

Edward K. Dixon, Anthony C. Carone, Pittsburgh, for Consol. Elec. Distributors and Aetna Life & Sur., appellants.

Steven H. Bowytz, Pittsburgh, for Joseph Jordan, appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

ZAPPALA, Justice.

This appeal raises the issue of whether the Commonwealth Court erred by concluding that there was insufficient evidence to support the termination of workers' compensation benefits. We reverse.

On June 17, 1991, Joseph Jordan, Appellee, suffered a lumbar disc injury during the course of his employment as a warehouse receiver for Consolidated Electrical Distributors, Inc. (Consolidated), Appellant. Pursuant to a notice of compensation payable, Jordan received total disability benefits. Jordan had previously sustained a work-related injury to his back in 1986 which required surgery in 1987.

On February 27, 1992, Consolidated filed a petition for termination. Several hearings were held where both parties introduced expert medical testimony. Consolidated presented the testimony of three medical experts. Thomas B. Benz, M.D., testified that Jordan complained of testicular pain, but that this pain was unrelated to his work-related back injury. Brian Ernstoff, M.D., testified that he examined Jordan on four occasions and found no objective evidence of ongoing impairments. He further stated that Jordan was able to return to work without any restrictions. Physical therapist Leanne Darling testified that although Jordan complained of mild back discomfort during his work hardening program, the pain did not interfere with his ability to perform tasks.

The WCJ initially credited this testimony and concluded that Jordan had completely recovered from his work-related back injury. He further concluded that Jordan's testicular pain was unrelated to the work injury. The Workmen's Compensation Appeal Board (Board) affirmed the termination of benefits, finding that sufficient evidence supported the WCJ's findings.

The Commonwealth Court affirmed the Board's decision. The court subsequently granted reconsideration, vacated its

prior order and reversed. Relying on *Udvari v. Workmen's Compensation Appeal Board (USAir)*, 667 A.2d 433 (Pa. Cmwlth.1995), the court found that although sufficient evidence supported the conclusion that Jordan's testicular pain was unrelated to his work injury, there was not sufficient evidence establishing that all of Jordan's work-related back injury had ceased. The court noted that a finding that Jordan could return to work without restrictions was not synonymous with a finding that his disability had ceased. Because Jordan's time-of-injury position was no longer available, the court found that a suspension of benefits was not appropriate. The court therefore reversed the termination order and remanded the case solely for the determination of costs.

The scope of appellate review in a workers' compensation proceeding is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. *Gumro v. Workmen's Compensation Appeal Board*, 533 Pa. 461, 626 A.2d 94 (1993). Substantial evidence has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board*, 531 Pa. 287, 292, 612 A.2d 434, 436 (1992). In order to terminate benefits, the employer must establish that all disability related to a compensable injury has ceased. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

We must determine whether the WCJ's finding that Jordan fully recovered from his work injury is supported by substantial evidence.

Consolidated contends that sufficient evidence existed to support the termination of benefits because Dr. Ernstoff testified that there was no objective medical evidence of Jordan's pain and that he could return to work without restrictions. It argues that although Dr. Ernstoff testified regarding Jordan's *complaints* of pain, he did not opine that Jordan continued to suffer pain.

We discussed the effect of a claimant's subjective complaints of pain in *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 705 A.2d 1290 (1997). In *Udvari*, the WCJ granted the termination petition based upon expert medical testimony establishing that the claimant had completely recovered from her work injury and no longer required treatment. The Commonwealth Court reversed on the grounds that the employer's physician testified regarding the claimant's continuing pain.[1]

On appeal, we concluded that the employer's expert did not concede that the claimant continued to experience pain as a result of the work-related injury. Instead, he merely noted that he would give the claimant "the benefit of the doubt" that she believed she experienced some sort of pain. The expert clearly and unequivocally testified that the claimant was fully recovered, that there was no objective basis for her complaints and that he believed her symptoms were exaggerated. The WCJ's finding that she was fully recovered was therefore supported by substantial evidence. In reaching this conclusion we stated:

> The determination of whether a claimant's subjective complaints of pain are accepted is a question of fact for the WCJ. In the absence of objective medical testimony, the WCJ is neither required to accept the claimant's assertions, nor prohibited from doing so. Testimony by the employer's medical expert as to the existence of the claimant's *complaints* of pain does not require the WCJ to find for the claimant. A contrary conclusion would lead to the absurd result that a claimant could forever preclude the termination of benefits by merely complaining of continuing pain. What is relevant in deciding whether the termination of benefits is warranted is whether the claimant suffers from pain as a result of the work-related injury.

1. The Commonwealth Court also indicated that the employer's physician diagnosed the claimant with "symptom magnification syndrome." Upon review of the testimony relating to such condition, we concluded that the term merely reflected the doctor's belief that the claimant was exaggerating her symptoms.

We must keep in mind that the employer bears the burden of proof in a termination proceeding to establish that the work injury has ceased. In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

Slip op. at 7–8, 550 Pa. 327, 705 A.2d 1293 (citations omitted).

■■■ Here, Dr. Ernstoff unequivocally testified that there were no objective medical findings to support Jordan's complaints of back pain and that he did not find evidence of any ongoing impairments. R. 181a, 195a. It is this testimony that the WCJ relied upon in terminating benefits.[2] This constitutes sufficient evidence to support the finding that Jordan fully recovered from his work injury.

The Commonwealth Court instead relied upon the following emphasized portion of Dr. Ernstoff's testimony.

Q. What were your findings on that examination?

A. *He [Jordan] had some complaints of ongoing to mild discomfort in his back.* He had more complaints of some scrotal discomfort that he was having, which he had occasionally. And his physical exam was normal.

\* \* \*

Q. In your estimation do you believe that there was anything in your examination which would prevent Mr. Jordan from working in a nonrestrictive capacity in the work force?

A. No.

---

2. Dr. Ernstoff further testified that he did not see anything significant on an MRI that would cause any neural impingement which would result in pain. R. 194a.

\* \* \*

Q. Again, Doctor, you have not found any objective evidence of ongoing impairments in this man, have you?

A. No.

\* \* \*

Q. In that context, against that background, what pain did he continue to express to you he had, the mild back discomfort back pain? Would you attribute that to the June 17, 1991 work injury?

A. He had previous back surgery, as you said. He was able to return to his previous level of function after that surgery. I would not attribute it specifically to that. *I think it would be a combination of his previous back surgery, and his previous back injury that might have been aggravated by this.* But there were no objective findings that I had on my last evaluation.

Q. If this were a strain situation, could he still be experiencing some level of pain without there being any positive objective symptoms?

A. *Sometimes, yes.*

Q. So in other words, your assessment of him as of that time, Doctor, he could go back and do his time-of-injury job?

A. Sure.

Q. But you're also, I think, recognizing that he had some level of pain for the reasons that you just explained; is that correct?

A. He was still complaining of his back discomfort mildly, but yes.[3]

Q. You would at least attribute that to an aggravation of prior surgical—

A. He's had previous back problems, yes.

---

**3.** In his dissenting opinion, Mr. Justice Cappy relies on this statement in finding that Jordan continued to suffer pain. To the contrary, Dr. Ernstoff clearly stated that Jordan was still *"complaining* of his back discomfort."

Slip op. at 3–4, 550 Pa. 323–324, 705 A.2d 1291–92 (emphasis supplied).

As noted in *Udvari,* Dr. Ernstoff's recognition of Jordan's *complaints* of pain are of no moment considering the fact that he found no evidence of any residual impairment. Moreover, his statement that Jordan's complaints of back pain "might have been aggravated by this" is subject to various interpretations. The factfinder in a workers' compensation proceeding may accept the testimony of any witness in whole or in part. *Hartner v. Workmen's Compensation Appeal Board,* 146 Pa. Cmwlth. 167, 604 A.2d 1204 (1992), alloc. denied, 531 Pa. 662, 613 A.2d 1210 (1992). One sentence should not be extracted from Dr. Ernstoff's twenty-seven page deposition and relied upon to reverse the termination of benefits when his testimony viewed in its entirety supports the conclusion that Jordan is fully recovered. See *Terek v. Workmen's Compensation Appeal Board (Somerset Welding & Steel, Inc.),* 542 Pa. 453, 668 A.2d 131 (1995) (single phrase should not be extracted from deposition to conclude that opinion is equivocal).

We recognize that where a WCJ finds that the claimant continues to experience pain attributable to the work injury, the injury has not fully resolved and the termination of benefits is improper. Instead, the suspension of benefits may be appropriate if medical testimony establishes that the claimant can return to work despite the pain. However, here, the WCJ did not make a finding that Jordan continued to experience pain. The WCJ's findings were supported by substantial evidence and the Commonwealth Court erred in reversing the termination of benefits.

Accordingly, the order of the Commonwealth Court is reversed.

NEWMAN, J., did not participate in the consideration or decision of this case.

CAPPY, J., files a dissenting opinion in which NIGRO, J., joins.

CAPPY, Justice, dissenting.

I respectfully dissent from the majority opinion because I believe that the majority fails to employ the appropriate legal standard in this matter as set forth in *Udvari v. Workmen's Compensation Appeal Board (USAIR, Inc.)*, 550 Pa. 319, 705 A.2d 1290 (1997).

In *Udvari*, this court was faced with the situation where the employer's medical expert merely recognized that the claimant complained of pain. This court determined that in that instance, an employer satisfies its burden of proof in a termination proceeding if the expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury. *Udvari*, 550 Pa. at 322, 705 A.2d at 1291.

The majority was careful to distinguish the situation in *Udvari* from those cases in which an employer's expert acknowledges, attests to or supports the existence of a claimant's ongoing or continuous pain. The majority in *Udvari* recognized that when an employer's medical expert acknowledges that the claimant suffers from pain, then it is incumbent upon the expert to opine that the pain was not work related for the employer to be successful in its attempt to terminate benefits. Thus, if pain exists, and no proof establishes that it is unrelated to the work injury, the employer fails to meet its burden. This standard derives from, and is required by, the employer's burden to prove that all work-related disability has ceased. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

Therefore, two legal standards emerge from this court's decision in *Udvari*, one applicable when the employer's medical expert merely recognizes a claimant's complaints of pain, and one when the expert acknowledges that the claimant is suffering from pain.

It becomes evident from the above that the majority applied the wrong standard in this case. The majority erroneously applied the test to be used when an employer's medical expert merely recognizes a claimant's complaints of pain, i.e., the test applied in *Udvari,* because in this matter the employer's expert acknowledged that the claimant was suffering from pain.

The testimony of Consolidated's expert, which was credited by the Workmen's Compensation Judge, clearly establishes that the expert acknowledged that Mr. Jordan suffered from pain.

Q. But you're also, I think, recognizing that he had some level of pain for the reasons that you just explained; is that correct?

A. He was still complaining of his back discomfort mildly, but yes.

Majority Opinion at p. 1066.

This testimony by the employer's medical expert, that Mr. Jordan suffered from some level of pain, was not accompanied by testimony that the pain was unrelated to the work injury. Thus, the Commonwealth Court properly found that because there was no affirmative, credited testimony that the pain experienced by Jordan was unrelated to his work injury, a termination of benefits was improper.[1] The resolution of this matter by the Commonwealth Court is entirely consistent with a proper application of this court's decision in *Udvari.*

For the above stated reasons, I believe that a correct application of this court's *Udvari* decision to the matter before

[1] The failure or inability of Consolidated's expert to testify that Mr. Jordan's pain was not work-related, coupled with a finding that Mr. Jordan could return to work without restriction, merely changed the focus of the matter from the propriety of a termination of benefits to the propriety of a suspension of benefits. Because Mr. Jordan's time-of-injury position was no longer available, the Commonwealth Court correctly found that a suspension of benefits was not appropriate, thus, the court reversed the termination order and remanded solely for determining costs.

us leads to an affirmance of the result reached by the Commonwealth Court.

NIGRO, J., joins this dissenting opinion.