Francis McCARRON, Sr., Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (DELAWARE COUN-
TY DISTRICT ATTORNEY'S OF-
FICE), Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 2000.
Decided Nov. 6, 2000.

George D. Walker, Jr., Philadelphia, for petitioner.

Robert F. Kelly, Jr., Media, for respondent.

Before PELLEGRINI, Judge, FLAHERTY, Judge, RODGERS, Senior Judge.

FLAHERTY, Judge.

Francis McCarron (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) reversing the Workers' Compensation Judge's (WCJ) order granting Claimant's claim petition. For the reasons set forth herein, we affirm.

Claimant worked for the County of Delaware Office of the District Attorney (Employer) as a detective in its white collar crime unit. Claimant's job duties included white collar crime investigation, evidence collection and witness and defendant interviews. Claimant was also on call five weeks per year, which required that he work with other departments on drug interdiction efforts and homicide investigation.

Claimant filed a claim petition alleging that as of April 30, 1997, he suffered from work-induced elevated blood pressure, which precipitated work injuries in the form of hypertension, anxiety, nervousness, insomnia and loss of concentration. Claimant maintained that his work injury resulted from increased stress due to an increased work load and case complexity following the instatement of a new supervisor, Detective Joseph Ryan, eighteen months earlier. At hearings, Claimant presented his own testimony and the deposition testimony of his treating physician, Quintin Giorgio, D.O. Claimant testified that his increased work assignments and case complexity led to the development of his disabling high blood pressure, hypertension and other ailments. Claimant further stated that although his home life is stressful, his health problems did not develop until his job situation changed. Dr. Giorgio opined within a reasonable degree of medical certainty, that Claimant's job-related stress precipitated development of his disabling high blood pressure, hypertension, anxiety, nervousness, insomnia and loss of concentration.

In opposition to Claimant's claim petition, Employer presented the testimony of two of Claimant's fellow detectives and his supervisor, Detective Ryan. Each of these witnesses disputed that Claimant's workload and case complexity had increased. Employer also submitted various statistical reports disputing that Claimant's work load and case complexity had increased during Detective Ryan's tenure. Lastly, Employer presented the deposition testimony of Francis C. Kempf, M.D., who testified that although Claimant did require treatment for hypertension his condition was not causally related to his employment.

By decision and order dated June 25, 1999, the WCJ concluded that Claimant met his burden of proof by showing that he sustained physical injuries resulting from a psychological stimulus. The WCJ accepted as credible and persuasive the testimony of Claimant and Dr. Giorgio. (WCJ Decision and Order, June 25, 1999,

Findings of Fact 11, 14). The WCJ resolved that the testimony of Claimant's colleagues and supervisor did not adequately rebut Claimant's testimony. (Findings of Fact 17, 18). The WCJ rejected Employer's statistical reports as inaccurate and unpersuasive. (Finding of Fact 17). The WCJ also rejected Dr. Kempf's testimony to the extent that it conflicted with Dr. Giorgio's causation opinion. (Findings of Fact 15, 16). The WCJ granted total disability benefits effective April 30, 1997 upon concluding that Claimant sustained a work injury as a result of increased work load and case complexity, which rendered him unable to return to his pre-injury job. Employer timely appealed to the Board.

■ By decision and order dated February 9, 2000, the Board reversed. The Board held that the WCJ had applied the wrong burden of proof. The Board reasoned that Claimant's maladies were of a psychiatric nature and were triggered by the added difficulty and volume of his workload.[1] The Board concluded that Claimant's injuries arose under the mental/mental classification requiring that Claimant prove that his psychic injury is other than a subjective reaction to normal working conditions. The Board determined that Claimant did not carry his burden of proof based on the conclusion that increased volume and complexity of work does not qualify as an abnormal working condition necessary to support an award in a mental stimulus/mental injury case. Claimant now brings the instant appeal.[2]

Claimant presents three issues for our consideration. First, Claimant asserts that the Board erroneously determined that his injury was caused by a mental stimulus. Claimant next argues that the Board erred by analyzing his claim petition under the burden of proof applicable to the mental/mental classification rather than the mental/physical classification designated by the WCJ. Alternatively, Claimant contends that even if the mental/mental classification is correct, he met his burden of proof because his increased workload and case complexity constitute an abnormal working condition.

■ Claimant first argues that the WCJ and the Board failed to recognize that his injury was caused by the physical demands of his job, and therefore, the Board erred by deciding the case under the abnormal working conditions standard. Initially, we note that Claimant has waived this issue pursuant to Pa. R.A.P. 1551 since he raises this argument for the first time on appeal. However, even if properly preserved, this argument would fail based on our review of the record. Although elevated, or high, blood pressure (as it is commonly called)

1. It is well-settled that psychiatric disability is compensable under § 301(c) of the Pennsylvania Workers' Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 411(1). *Martin v. Ketchum*, 523 Pa. 509, 568 A.2d 159 (1990); *Hershey Chocolate Co. v. Workmen's Compensation Appeal Board (Lasher)*, 546 Pa. 27, 682 A.2d 1257 (1996); *Scott v. Workers' Compensation Appeal Board (Jeanes Hospital)*, 732 A.2d 29 (Pa.Cmwlth.1999). The three categories of claims involving a psychological component are as follows: (1) psychological stimulus causing physical injury (mental/physical); (2) physical stimulus causing psychic injury (physical/mental); and (3) psychological stimulus causing psychic injury (mental/mental). *Ryan v. Workers' Compensation Appeal Board (Community Health Services)*, 550 Pa. 550, 707 A.2d 1130 (1998).

2. This Court's standard of review in a workers' compensation appeal requires that we determine whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Substantial evidence has been defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Jordan v. Workers' Compensation Appeal Board (Consolidated Electrical Distributors)*, 550 Pa. 232, 704 A.2d 1063 (1997). The WCJ is sole arbiter of fact, evidentiary weight and credibility, and may accept or reject any testimony in whole or in part. *State Workmen's Insurance Fund v. Workers' Compensation Appeal Board (Hoover)*, 680 A.2d 40 (Pa.Cmwlth.1996).

may be caused by physical factors, such as, trauma, overexertion, excessive heat, morbid obesity, etc., all of the evidence presented by Claimant showed that his high blood pressure was caused by job stress rather than any physical factor.

■ We next turn to the question of whether the Board applied the correct burden of proof. While we disagree with the Board's determination that the facts of Claimant's case require that he satisfy the burden of proof applicable to a mental/mental rather than a mental/physical claim, we nevertheless affirm the Board's order since the Supreme Court decision in *Davis v. Workers' Compensation Appeal Board (Swarthmore Borough)*, 561 Pa. 462, 751 A.2d 168 (2000), effectively nullified the mental/mental vs. mental/physical distinction. Under the holding in *Davis*, if the precipitating cause of a worker's injury is of a psychic nature, the character of the resulting injury is irrelevant since the abnormal working conditions standard now applies whether the injury is of psychological or physical nature.

In our recent decision in *Daneker v. Workers' Compensation Appeal Board (White Haven Center)*, 757 A.2d 429 (Pa. Cmwlth.2000), we addressed a case with very similar facts. In *Daneker*, the claimant, Karen Daneker, worked at a nursing care facility as a clothing room aide. The employer eliminated Daneker's position and offered her alternate work as a residential service aide assisting with patient care. Daneker took the new position even though it resulted in a loss of seniority and the transfer to a less desirable shift. After approximately one year, Daneker filed a claim petition asserting that job stress produced a variety of physical ailments that ultimately rendered her disabled. The WCJ applied the abnormal working conditions standard and denied Daneker's claim petition. The Board affirmed and Daneker appealed to this Court asserting that the abnormal working condition standard did not apply to her case because she sustained physical injuries.

In *Daneker*, we summarized the historical assessment of the two mental stimulus injury classifications and the impact of the *Davis* decision as follows:

In analyzing a mental/physical claim, two common elements must be present: "(1) a psychological stimulus which causes a physical injury which continues after the psychological stimulus is removed; and (2) a disability, i.e., loss of earning power, caused by the physical condition...." [*Old Republic Insurance Company v. Workers' Compensation Appeal Board (Mascolo)*, 726 A.2d 444, 449 (Pa.Cmwlth.1999).] A mental/mental claim, however, explains a situation where a claimant is exposed to a psychological stimulus and subsequently develops a psychological injury. *Id.*

Traditionally, the above mental/mental versus mental/physical analysis would have been germane to the result in this case. Recently, however, our Supreme Court in [*Davis* ] held "that where a psychic injury is claimed, regardless of whether it is manifested through psychic symptoms alone or physical symptoms as well, the claimant must establish that the injury arose from abnormal working conditions in order to recover benefits." **(Emphasis added.)** Thus, we need not decide whether [Daneker's] claim is mental/mental or mental/physical in nature, since, regardless of whether the psychological stimuli to which she was exposed resulted in physical and psychic, or merely psychic manifestations, the burden of proof, i.e., the requirement to prove abnormal working conditions, is the same in each instance.

*Daneker*, 757 A.2d at 432–33.

■ Having resolved that Claimant is subject to the abnormal working condition standard, we next address Claimant's assertion that he satisfied this heightened burden of proof. Initially, we note that the question of whether working conditions are "abnormal" is a mixed question of law and fact and is fully reviewable by this

Court. *Isbell v. Workers' Compensation Appeal Board*, 751 A.2d 268 (Pa.Cmwlth. 2000). Additionally, as we summarized in *Young v. Workers' Compensation Appeal Board (New Sewickley Police Department)*, 737 A.2d 317 (Pa.Cmwlth.1999):

> The "abnormal working condition" approach is a method to distinguish psychological injuries that were compensable because the necessary causal relationship between employment and mental disability has been established from those psychological injuries that arise from an employee's subjective reaction to normal working conditions. *Martin v. Ketchum*, 523 Pa. 509, 568 A.2d 159 (1990).... [P]sychic injury cases are fact specific and are to be considered in the context of the specific employment.

*Id.* at 320.

■ Most workers' compensation claims involving abnormal working conditions are aptly described as arising from a series of work events occurring over time that cause stress, which then result in psychological harm. Unless a claimant proves that these events are so extraordinary and cannot be envisioned as part of the work, the psychiatric injury is not considered abnormal but rather normal stress flowing from the daily work events to which the claimant reacts in a subjective and abnormal fashion. Consequently, any ensuing psychological injury is non-compensable because it is recognized to be the result of employee's own subjective reaction to normal events rather than the work itself.

Claimant contends that he met this burden based on the WCJ's finding that his work injury resulted from increased stress due to an increase in work load and case complexity over an eighteen-month period following the instatement of his new supervisor. (Findings of Fact 3, 11, 17). However, settled precedent establishes that stress induced injury resulting from an increased workload is not sufficient to satisfy the abnormal working condition standard. *Hershey Chocolate Co. v. Workmen's Compensation Appeal Board (Lasher)*, 546 Pa. 27, 682 A.2d 1257 (1996) (a change in working conditions resulting in additional work and responsibility is not synonymous with abnormal working conditions where such extra efforts are required of the position); *Scott v. Workers' Compensation Appeal Board (Jeanes Hospital)*, 732 A.2d 29 (Pa.Cmwlth.1999) (stress arising from increased work loads and responsibility has not been found to constitute an abnormal working condition); *Antus v. Workmen's Compensation Appeal Board (Sawhill Tubular Div., Cyclops Industries)*, 155 Pa.Cmwlth.576, 625 A.2d 760 (1993) (a change of duties, coupled with increased responsibility and a dramatically harsher and more dangerous work environment than that to which the claimant was accustomed is not sufficient to prove a mental disability claim).

■ On the facts here, Claimant worked as a detective in the Delaware County District Attorney's office. A change in supervisors brought on a restructuring of work assignments with Claimant being assigned to investigate a greater number of the white-collar crimes, which Claimant asserts are more complex cases from an investigation standpoint. We recognize the stress inherent in criminal investigation particularly when performed under time deadlines imposed by attorneys preparing for trial. However, in examining the facts as found by the WCJ, given the forgoing analysis we cannot conclude that Claimant experienced anything other than a subjective reaction to normal working conditions. Clearly, the District Attorney's office may structure the work assignments of its detectives as it deems necessary with each of the detectives equally subject to a change in volume or nature of their assignments. Additionally, Claimant's observation that white-collar crime investigation is more complex constitutes an individual perception making any commensurate response a subjective reaction to a normal working condition. Consequently, we cannot accept the conclusion

that Claimant's working conditions were "abnormal."

Accordingly, the Board's order dated February 9, 2000 is hereby affirmed.

### *ORDER*

AND NOW, this 6th day of November, 2000, the order of the Workers' Compensation Appeal Board dated February 9, 2000, that reversed the order of the WCJ granting Francis McCarron's claim petition, is hereby affirmed.