**Thaddeus RYDZEWSKI, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 25, 2000.
Decided Jan. 16, 2001.

W. Michael Mulvey, Philadelphia, for petitioner.

Sandra L. Jacques, Philadelphia, for respondent.

Before DOYLE, President Judge, LEADBETTER, Judge, LEDERER, Senior Judge.

DOYLE, President Judge.

Thaddeus Rydzewski (Claimant) petitions this Court for review of an order of the Workers' Compensation Appeal Board (Board), which reversed the decision of a Workers' Compensation Judge (WCJ) granting Claimant's claim petition for benefits based on a "mental/mental" injury.

On June 16, 1993, Claimant, a City of Philadelphia police officer, responded to another officer's call for assistance. When Claimant arrived at the scene, he saw two officers shot and seriously injured. Claimant helped to carry one of the officers to the back of a patrol wagon. He then saw the other officer lying inside the wagon with a civilian pumping on his chest. Afterwards, one of the officers died from the gunshot wounds inflicted upon him; the other officer lived but was partially paralyzed.

Claimant experienced emotional difficulties that he attributed to this June 16, 1993 incident. These problems took the form of nightmares and difficulties in his relationships with his wife and children, and he believed that he could not do the tasks that a police officer must perform. As a result, Claimant sought help with the Police Department's Employee Assistance Program and he was removed from duty. Claimant was then placed on restricted duty status for about seven months and given an assignment in the Police Administration Building. Claimant saw a variety of health professionals, including Michael Broder, Ph.D. and Timothy Michals, M.D.. Eventually, Thomas A. Doyle, the Police Safety Officer, informed him by memo that his injury would not be deemed work-related and that he would have to utilize his sick time.

On September 23, 1994, Claimant filed his claim petition. The City of Philadelphia (Employer) then filed an answer. The WCJ examined evidence from both sides, including the expert testimony of Dr. Michals, who testified by deposition for Employer, and the expert testimony of Dr. Broder, who testified by deposition for Claimant. Dr. Michals first believed that Claimant suffered from post-traumatic stress disorder and major depressive disorder due to the June 16, 1993 incident but later changed his opinion. Dr. Broder,

however, opined within a reasonable degree of psychological certainty that Claimant cannot return to work as a full-duty City of Philadelphia police officer, and that he suffers from post-traumatic stress disorder. The WCJ accepted Dr. Michals' initial opinion that Claimant suffered from post-traumatic stress disorder due to the June 16, 1993 work incident and he also accepted, *inter alia,* the testimony of Dr. Broder. The WCJ therefore concluded that Claimant had proven by substantial, competent evidence that he had suffered a mental/mental injury, and the WCJ awarded Claimant benefits. *See* WCJ's Findings of Fact and Conclusions of Law, Decision dated August 31, 1998, pp. 2–10. On appeal, the Board reversed the WCJ's decision, holding that "[t]he incident at work was not legally an abnormal working condition for a police officer." (Board's Decision, No. A98–3874, mailed April 3, 2000, p. 5.) Claimant's petition for review to this Court followed.

■ On appeal, Claimant raises one issue for our review.[1] Essentially, Claimant argues that, because the testimony of *seven* police officers established that the events of June 16, 1993 were extraordinary, and it was not just his subjective belief that this shooting incident wherein one officer was killed and another paralyzed was highly unusual, the WCJ's decision must be reinstated.[2]

In making his argument, Claimant attempts to distinguish this Court's decision in *Young v. Workers' Compensation Appeal Board (New Sewickley Police Department),* 737 A.2d 317 (Pa.Cmwlth.1999). There, a police officer went to serve an arrest warrant in a domestic violence case

1. Our standard of review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 684 A.2d 673 (Pa.Cmwlth.1996).

2. We explained in *Gulick v. Workers' Compensation Appeal Board (Pepsi Cola Operating*

and, while attempting to do so, had a .44 caliber magnum handgun pointed towards his face. Afterwards, a fight ensued, and the police officer eventually took the armed man into custody. The officer later filed a claim petition alleging work-related post-traumatic stress disorder. Because the WCJ believed that, in the particular circumstances of that case, where the officer did not work in a large, urban area, the officer had established an abnormal working condition, the WCJ granted benefits. On appeal, the Board reversed the WCJ's decision, and we agreed, explaining:

> [A]lthough a claimant in a normally highly stressful working environment, such as an air traffic controller or police officer, may not have a higher burden of proof, it is often more difficult to establish abnormal working conditions in a job that is, by its nature, highly stressful; meaning, that the claimant must establish that the occurrence which disabled him, or the incident which caused his mental injury, is so much more stressful, and abnormal, in a job that is already highly stressful as a normal incidence of that position.

*Young,* 737 A.2d at 320. *See also City of Scranton v. Workmen's Compensation Appeal Board (Hart),* 136 Pa.Cmwlth.483, 583 A.2d 852 (1990), *petition for allowance of appeal denied,* 528 Pa. 625, 597 A.2d 1154 (1991).

In *Young,* we concluded that our decision upholding the Board's denial of benefits was dictated by our Supreme Court's then recent decision in *City of Philadelphia v. Workers' Compensation Appeal Board (Brasten),* 556 Pa. 400, 728 A.2d 938

*Co.),* 711 A.2d 585, 587 (Pa.Cmwlth.1998) (citation omitted), that, where a claimant asserts a mental/mental injury, "the claimant must prove either '(a) that actual extraordinary events occurred at work which caused the trauma and that these specific events can be pinpointed in time, or (b) that abnormal working conditions over a longer period of time caused the injury.'"

(1999), where an evenly divided Court disagreed as to whether the indictment, investigation and trial of a police officer who shot an unarmed suspect constituted an abnormal working condition. We explained:

> [W]hat we can distill from Brasten is that all six Justices agreed that the shooting incident itself was not an abnormal working condition for a police officer, and the logical conclusion of that distillation is that, if the events in Brasten were not abnormal working conditions, then the facts and events in this present appeal also cannot be an abnormal working condition in the view of our Supreme Court.

*Young,* 737 A.2d at 321–322. (Emphasis added and in original.)

 Applying that logic here, we now consider whether the shooting of the two officers in this case amounted to an extraordinary event for a City of Philadelphia police officer. Of course, the question of what constitutes an abnormal working condition is one of law and fact, subject to our full review. *Hart,* 583 A.2d at 856, n. 3. Irrespective of the fact that, in the matter *sub judice,* the seven officers who testified stated that they had neither often nor ever experienced the death and/or maiming of other officers, we agree with the Board that, as a matter of law, Claimant did not prove that he experienced a working condition that was particularly abnormal for a person in his line of work. For all of the above reasons, we affirm the Board's order.

### ORDER

**NOW,** January 16, 2001, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.